# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

WILLIAM C. PUMPHREY,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:15-cv-14430

JOE COAKLEY, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Complaint* (Document 2), wherein the Plaintiff alleges claims of excessive force, conspiracy, audio torture, food tampering, failure to intervene, verbal abuse, sexual harassment, invasion of privacy, mail tampering/access to court, and violation of the administrative remedy process.

By *Standing Order* (Document 5) entered on October 28, 2015, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. Due to the retirement of Magistrate Judge VanDervort, the matter was referred to the Honorable Omar J. Aboulhosn for findings of fact and recommendations for disposition by an *Order* entered on January 6, 2016.

On January 30, 2018, the Magistrate Judge submitted *Proposed Findings and Recommendations* (PF&R) (Document 106), wherein it was recommended that the Court grant the Defendants' motion to dismiss or in the alternative motion for summary judgment in part and deny

the motion in part.  The *Plaintiff's Objections to Proposed Findings and Recommendation* (Document 119) were filed on April 12, 2018.  For the reasons stated herein, the Court finds that the Plaintiff's objections should be overruled in part and sustained in part and that the Defendants' motion to dismiss or in the alternative motion for summary judgment should be granted in part and denied in part.

## FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail.  The Court hereby incorporates those factual findings, but to provide context for the ruling contained herein, provides the following summary.

On September 7, 2016, the Court entered a *Memorandum Opinion and Order* (Document 70) and accompanying *Judgement Order* (Document 72) dismissing the Plaintiff's complaint and striking the matter from the Court's docket.  On September 14, 2016, the Plaintiff filed a *Notice of Appeal* (Document 76).  On April 11, 2017, the Fourth Circuit entered an *Unpublished Per Curiam Opinion* (Document 81) and *Judgment* (Document 82) vacating the judgment of the District Court and remanding it for further proceedings.

On remand, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (Document 106) on January 30, 2018.  Specifically, the Magistrate Judge recommended that the Defendants' motion be denied as to (1) the Plaintiff's alleged failure to exhaust administrative remedies; (2) the Plaintiff's claim of excessive force against Defendant Coleman and Defendant Harvey; and (3) the Defendants' request for Plaintiff's IFP status to be revoked.  The Magistrate Judge recommended, however, that the motion be granted and the Plaintiff's claims be dismissed regarding conspiracy, audio torture, food tampering, verbal abuse, sexual harassment, invasion of privacy, mail tampering/access to court, violation of the administrative remedy process, and failure

to intervene. On March 16, 2018, the Court entered a *Memorandum Opinion and Order* (Document 109) finding that the Defendants' limited objections should be overruled and the Magistrate Judge's PF&R should be adopted.

On March 21, 2018, five days after the Court entered its memorandum opinion and order, the Plaintiff filed a *Motion to Extend Time/Affidavit* (Document 114) requesting an extension of time to file objections to the PF&R due to hospitalization and surgery. The *Defendants' Response in Opposition to Plaintiff's Motion to Extend Time* (Document 115) was filed on March 23, 2018. The *Plaintiff's Answer to Defendants' Opposition of Motion to Extend Time* (Document 117) was filed on March 30, 2018. Then on April 12, 2018, the *Plaintiff's Objections to Proposed Findings and Recommendation* (Document 119) were filed. Although the Plaintiff's objections were filed untimely, for good cause shown, the Court will consider the Plaintiff's objections to the PF&R.

## STANDARD OF REVIEW

### A. Objections to PF&R

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review "when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and

his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

The Plaintiff objects to the Magistrate's finding that the effect of six-month long "torture" was "de minimis."[1] (Objections at 2.) The Plaintiff acknowledges that the Magistrate Judge arrived at this finding by accepting the Plaintiff's statement of the facts as true. The Plaintiff disagrees, however, with the Magistrate's conclusion that the acts did not rise to the level of harm necessary to state claims.

The Plaintiff also objects to the Magistrate's recommendation to dismiss some of his claims, because the Plaintiff believes that dismissal requires a credibility determination to be made without the benefit of discovery. The Plaintiff asserts that he has a host of witnesses he will call to testify to the veracity of his claims. However, the Court will not consider this objection because, as the Plaintiff acknowledged above, the Magistrate adopted the Plaintiff's factual assertions as true regarding the claims that were dismissed. Therefore, there is no need for an additional showing of veracity as to the Plaintiff's claims.

*A. Conspiracy*

The Plaintiff alleges that the Defendants conspired with one another to subject Plaintiff to harm by playing repetitive, stress-inducing music. (Compl. Ex. 1 at 10-19, 23-25.) To state a claim for relief under Section 1985(3), a plaintiff must demonstrate a conspiracy of two or more persons, "who are motivated by a specific class-based invidiously discriminatory animus."

---

1 The Plaintiff seems to be objecting to the Court's order rather than to the PF&R. However, to afford the Plaintiff liberal construction, the Court will consider the objections as though they are lodged against the PF&R.

*Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995). In this case, the Plaintiff has failed to allege any facts demonstrating that the Defendants are motivated by a class-based animus. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)) (a plaintiff raising a claim pursuant to Section 1985(3) must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action"); *Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985) (noting that "neither the Supreme Court nor the Fourth Circuit has identified any classes other than racial or religious classes"). Therefore, the Court finds that Plaintiff's claim of conspiracy should be dismissed.

### B. Conditions of Confinement

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment also imposes duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care," and reasonably guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish a violation of the Eighth Amendment in the context of conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard by showing that the conditions of confinement have imposed a "serious or significant physical or emotional injury," and (2) that prison official acted with "deliberate indifference" to the inmate's health and safety under a subjective standard by knowing and disregarding an excessive risk to the health and safety of the inmate. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *Farmer*, 511 U.S. at 837 (1979); *Odom v. South Caroline Dept. of Corrections*, 349 F.3d 765, 779 (4th Cir. 2003). In addition, under the Prison Litigation Reform

5

Act (PLRA), a Plaintiff must make a showing of physical injury to seek damages for emotional injury. 42 U.S.C. § 1997e(e).

### i. Audio Torture

Like the Magistrate Judge, the Court assumes the Plaintiff's allegation is true that the Defendants played tormenting music over and over, twenty-four hours a day, seven days a week, at varying volumes, leading to sleep deprivation, stomach distress, debilitating headaches, vomiting, short-term memory loss, and early dementia-like symptoms. The Magistrate Judge determined that the level of harm alleged by the Plaintiff was *de minimis*, and therefore his claim should be dismissed.

The Fourth Circuit "has not had occasion to consider in a published opinion whether § 1997e(e) requires a showing of physical injury that is more than *de minimis*." *Carter v. United States*, 694 Fed.Appx. 918, 923 n.1 (4th Cir. 2017). However, the Court finds that the Plaintiff does not have to demonstrate a level of harm greater than *de minimis* because the Plaintiff can still recover nominal damages even without a showing of physical injury. *Jones v. Price*, 696 F.Supp. 618, 624 (N.D. W. Va. 2010) ("Absent a showing of physical injury, § 1997e(e) bars an inmate from seeking compensatory damages in all federal civil actions alleging constitutional violations and mental or emotional injuries. It does not, however, prevent an inmate from seeking nominal damages for these injuries, even where there is no physical injury.").

The facts alleged by the Plaintiff of prison officials playing repetitive, tormenting music all hours of the night and day are sufficient to demonstrate an Eighth Amendment claim. The Plaintiff's assertion of the facts satisfies the objective requirement by showing a sufficiently serious deprivation. The incessant and disturbing nature of the music—consisting of songs played

over and over, children screaming, gun fire, etc.—alleges cruel and unusual conditions of confinement that can serve no legitimate penological interest. *See, e.g., Porter v. Clarke*, 923 F.3d 348 (4th Cir. 2019) (finding that conditions of confinement that pose a substantial risk of serious psychological and emotional harm, like solitary confinement, satisfy the objective component of an Eighth Amendment claim); *DePaola v.* Clarke, 884 F.3d 481 (4th Cir. 2018) (denial of medical treatment for an inmate's serious mental health needs states a claim against certain officials under the Eighth Amendment); *Jordan v. Gardner*, 986 F.2d 1521, 1523, 1526 (9th Cir. 1993) (en banc) (holding that a policy requiring male prison guards to conduct clothed body searches on female prisoners was cruel and unusual in violation of the Eighth Amendment because it was likely to cause "psychological trauma"); *Darnell v. Pineiro*, 849 F.3d 17, (2d Cir. 2017) (noting that the objective component of an Eighth Amendment violation can include risk of serious damage to "physical and mental soundness").

Additionally, where it is alleged that prison officials have actively engineered a system to torment the Plaintiff with repetitive and non-sensical music, the subjective bar for deliberate indifference is satisfied because the Plaintiff alleges that the Defendants intentionally inflicted audio torture. As such, the Court, accepting Plaintiff's factual allegations as true, finds that he has stated a viable Eighth Amendment claim for audio torture.

      ii.    *Food Tampering*

The Plaintiff claims that the Defendants tampered with his food by: (1) spitting in his food tray; (2) putting hairs in his food tray; (3) pouring a grayish white powdery substance in his food; (4) taking product from nose and rubbing it into his food; (5) putting dirt from the floor onto his food; (6) claiming to have rubbed their penis over his food; and (7) sometimes not feeding him at

7

all. (Compl. Ex. 1, at 15-16.) Deprivations of the "minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337 (1981)) (internal quotation marks omitted). Conditions of confinement constitute an Eighth Amendment violation when they produce the "deprivation of a single, identifiable human need such as food, warmth or exercise. . ." *Id.* at 305.

The Plaintiff alleges that his food was significantly degraded, and in some cases withheld altogether, depriving the Plaintiff of a human need. *Farmer*, 511 U.S. at 3 (noting that the Eighth Amendment imposes a duty on prison officials to ensure that inmates have adequate food). Adequate food, as contemplated by the Supreme Court, certainly entails the right to food that has not been deliberately withheld or tainted by the combination of actions described herein. Therefore, the Court finds that the Plaintiff has stated a claim for food tampering.

### iii. Failure to Intervene

The Plaintiff alleges that Defendants Akers, Snow, Smith, and Weaver were deliberately indifferent to his safety in violation of the Eighth Amendment. Specifically, the Plaintiff contends that these Defendants acted with deliberate indifference in failing to intervene to protect him from the audio torture used by fellow correctional officers. The Plaintiff also alleges that Defendant Weaver made a false psychological diagnosis to cover up the abuse.

"The deliberate indifference standard generally applies to cases alleging failures to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, or failing to render medical assistance." *Thompson v. Commonwealth of Va.*, 878 F.3d 89, 97 (4th Cir. 2017) (citing *Farmer*, 511 U.S. at 834). As noted

above, to establish deliberate indifference, an inmate must allege and prove (1) that he or she was exposed to "a substantial risk of serious harm" and (2) the prison official knew of and disregarded that substantial risk to the inmate's health or safety. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991). An incorrect or negligent medical diagnosis, without more, fails to establish deliberate indifference. *Johnson v. Quinones*, 145 F.3d 164 (4th Cir. 1998); *Webb v. Hamidullah*, 281 Fed. Appx. 159, 166 (4th Cir. 2008).

Because the Court has determined that the Plaintiff has stated a claim for audio torture, the Plaintiff's claim that prison officials participated in the audio torture scheme by failing to intervene also states a claim. Here, the Plaintiff alleges precisely that the Defendants "knew of and disregarded" the audio torture scheme. The Plaintiff's claim that Defendant Weaver incorrectly diagnosed him alleges the requisite level of indifference to state a constitutional claim. Here, the Plaintiff is not asserting that Defendant Weaver merely negligently or incorrectly diagnosed him, but that he deliberately misdiagnosed him to perpetuate the psychological abuse. *DePaola*, 884 F.3d at 488 (denial of medical treatment for an inmate's serious mental health needs states a claim against certain officials under the Eighth Amendment). Therefore, the Court finds that the Plaintiff has stated a claim for failure to intervene as to Defendants Akers, Snow, Smith, and Weaver.

### C. *Verbal Abuse and Sexual Harassment*

The Plaintiff alleges that the Defendants made verbal threats against his physical safety. The Plaintiff further alleges that the Defendants placed his life in imminent danger by spreading false rumors that he is a child molester. Finally, Plaintiff complains that Defendant James made

"unwanted sexual innuendos and overtones while [the Plaintiff was] in the shower.'" (Compl. Ex. 1 at 16-17.)

Verbal abuse or harassment of an inmate does not amount to an Eighth Amendment violation. *Henslee v. Lewis*, 153 Fed. Appx. 178 (4th Cir. 2005); *Langston v. Fleming*, 38 F.3d 1213 (4th Cir. 1994). Verbal sexual harassment, without more, does not state a constitutional claim. *See Jackson v. Holley*, 666 Fed. Appx. 242, 244 (4th Cir. 2016) (quoting *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004)) (noting that "although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment"). Therefore, the Court finds that the Plaintiff's claims for verbal abuse and sexual harassment should be dismissed.

### D. Invasion of Privacy

The Plaintiff alleges that the Defendants invaded his privacy by wrecking his cell during inspections, stripping his bed sheets, scattering his belongings, and walking around the cell in wet boots. "[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Therefore, the Court finds that the Plaintiff's claim for invasion of privacy should be dismissed given his incarceration.

### E. Mail Tampering/Access to Courts

The Plaintiff asserts that the Defendants tamper with and delay his mail in a way that makes it difficult "to meet court deadlines and requirements." (Compl. Ex. 1, at 14.) To establish a claim for violation of access to courts, a plaintiff must demonstrate "actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that an inmate must demonstrate that the alleged actions

"hindered his efforts to pursue a legal claim"). In this case, the Plaintiff has vaguely alleged that mail tampering has affected his ability to meet deadlines but has not alleged that he was in fact injured in any way. The Plaintiff has not proffered any specific adverse judgment or action against him resulting from delayed legal mail. As such, the Court finds that the Plaintiff's claim for mail tampering/access to courts should be dismissed.[2]

### F. Violating Administrative Remedy Process

The Plaintiff alleges that his constitutional rights were violated because Defendant Akers refused to provide the correct forms, rendering the BOP's Administrative Remedy process unavailable to him. (Compl. Ex. 1, at 25.) Federal inmates have no constitutional right to access administrative grievance proceedings, and state no actionable claim for lack of access to the administrative remedy process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995). Instead, the remedy for such constitutional claims is access to the courts. *Booker v. South Carolina Dept. of Corrections*, 855 F.3d 533, (4th Cir. 2017); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Therefore, the Plaintiff fails to state a claim for lack of access to the administrative remedy process and the Court finds that this claim should be dismissed.

### CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Memorandum Opinion and Order* (Document 109) entered on March 16, 2018, be **VACATED** to permit consideration of the Petitioner's objections. The Court **ORDERS** that the *Plaintiff's*

---

[2] The Court also notes that counsel has been appointed since the filing of the PF&R, limiting the potential for ongoing problems related to access to court.

*Objections to Proposed Findings and Recommendation* (Document 119) be **SUSTAINED IN PART AND OVERRULED IN PART**.

The Court further **ORDERS** that the Defendants' *Renewed Motion to Dismiss, or in the Alternative for Summary Judgment* (Document 90) be **GRANTED** in part and **DENIED** in part. Specifically, the Court **ORDERS** that the Defendants' Renewed Motion be **GRANTED** as to the dismissal of the Plaintiff's claims of conspiracy, verbal abuse, sexual harassment, invasion of privacy, mail tampering/access to court, and violation of the administrative remedy process, and **DENIED** as to (1) the Plaintiff's claims of audio torture, food tampering, and failure to intervene, (2) the Plaintiff's alleged failure to exhaust administrative remedies, (3) dismissal of the Plaintiff's claim of excessive force against Defendants Coleman and Harvey, and (4) the Defendants' request to revoke the Plaintiff's IFP status.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, to counsel of record, and to any unrepresented party.

ENTER: October 21, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA