# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

WILLIAM C. PUMPHREY,

    Plaintiff,

v.                                                       CIVIL ACTION NO. 5:15-cv-14430

JOE COAKLEY and O. GIBSON and
J. D. JAMES and J. BAILEY and
B. COLEMAN and T. TONEY and
D. DUNCAN and C. SPENCER and
A. LESTER and F. RIFFLE and
C. HONAKER and S. DENNY and
J. GROGAN and D. AKERS and
U. M. SNOW and DR. WEAVER and
J. FORD and J. WILLIAMS and
E. HARVEY and HEAD and
U. M. SMITH and KNOLL and
FOUR (4) UNNAMED FEDERAL BUREAU
OF PRISONS STAFF MEMBERS,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending is the Defendants' Motion to Suspend the Answer Date and Dispositive Motions Deadline [Doc. 186] ("motion to suspend"), filed October 30, 2019.

## I.

Plaintiff William Pumphrey instituted this action on October 28, 2015. On September 7, 2016, the Honorable Irene C. Berger, United States District Judge, dismissed the case and adopted the July 18, 2016, Proposed Findings and Recommendation ("PF&R") entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge. On April 11, 2017,

following an appeal by Mr. Pumphrey, the United States Court of Appeals for the Fourth Circuit vacated the Judgment and remanded the case for further proceedings. On June 5, 2017, the mandate issued.

That same day Defendants moved to dismiss. On January 30, 2018, Magistrate Judge Aboulhosn entered his second PF&R, which recommended that Mr. Pumphrey's claims for conspiracy, audio torture, food tampering, verbal abuse/sexual harassment, invasion of privacy, mail tampering/access to the court, violation of the administrative remedy process, and failure to intervene be dismissed. Magistrate Judge Aboulhosn additionally recommended that the excessive force claims against Defendants Harvey and Coleman proceed to trial.

On March 16, 2018, Judge Berger entered a second Memorandum Opinion and Order adopting the second PF&R. The second Memorandum Opinion and Order dismissed Mr. Pumphrey's claims for conspiracy, audio torture, food tampering, verbal abuse, sexual harassment, invasion of privacy, mail tampering/access to court, violation of the administrative remedy process, and failure to intervene. A Scheduling Order was entered four (4) days later. On March 21, 2018, Mr. Pumphrey moved to extend the time for objecting to the second PF&R. Then, on April 12, 2018, Mr. Pumphrey filed his objections. On May 31, 2018, the Court appointed counsel to represent Mr. Pumphrey. On November 20, 2018, Magistrate Judge Aboulhosn denied as moot Mr. Pumphrey's motion for an extension of time to object inasmuch as those motions were filed while Mr. Pumphrey was proceeding pro se. On March 29, 2019, Mr. Pumphrey petitioned for a Writ of Mandamus, quarreling with the treatment of his objections to the PF&R. On July 2, 2019, the Court stayed the matter pending resolution of Mr. Pumphrey's petition. On July 17, 2019, the United States Court of Appeals for the Fourth Circuit denied the writ.

On October 7, 2019, Judge Berger lifted the stay on the proceedings and entered the Third Amended Scheduling Order. The Third Amended Scheduling Order sets the following deadlines for case events:

| Summary judgment and other dispositive motions | 11/15/2019 |
| Motions in limine | 01/03/2020 |
| Integrated pretrial order | 01/30/2020 |
| Pretrial conference | 02/06/2020 |
| Trial | 02/10/2020 |

On October 21, 2019, Judge Berger, apparently upon reconsideration, addressed Mr. Pumphrey's April 12, 2018, objections and entered a third Memorandum Opinion and Order. The third Memorandum Opinion and Order upheld, in part, the second Memorandum Opinion and Order that earlier dismissed Mr. Pumphrey's claims for conspiracy, verbal abuse, sexual harassment, invasion of privacy, mail tampering/access to court, and violation of the administrative remedy process. The third Memorandum Opinion and Order, however, vacated the second Memorandum Opinion and Order in part and reinstated the claims for audio torture, food tampering, and failure to intervene. The remaining claims are thus these three (3) reinstated causes of action and the excessive force claim against Defendants Coleman and Harvey.

## II.

The Court addresses below each of the Defendants' contentions offered in their motion to suspend.

First, the Defendants assert that Judge Berger could not, without a motion and reference to the standards in Federal Rule of Civil Procedure 60, adjudicate anew the claims previously dismissed by the second Memorandum Opinion and Order. That is not the case. As noted by our Court of Appeals, "[A] district court retains the power to reconsider and modify its

interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see also Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."). Inasmuch as the Judgment was vacated by entry of the appellate mandate on June 5, 2017, entry of the third Memorandum Opinion and Order was entirely appropriate.

Second, the Defendants assert that it is now unclear which of them remain in the case. They additionally complain that there is no period for discovery, and they would be prejudiced by the November 15, 2019, deadline for dispositive motions. Respecting discovery, it appears that the only information sought which is not presently in the Defendants' possession would be the elucidation of Mr. Pumphrey's claims and his identification of other witnesses, who may or may not need to be deposed. In any event, each of these contentions may be addressed with a slight modification of the Third Amended Scheduling Order. It is, accordingly, **ORDERED** that the Third Amended Scheduling Order be amended as follows:

| Answer to the complaint | 12/01/2019 |
|---|---|
| Discovery concludes | 01/03/2020 |
| Summary judgment and other dispositive motions | 01/24/2020 |
| Motions in limine | 02/20/2020 |
| Integrated pretrial order | 02/27/2020 |
| Pretrial conference | 03/02/2020  10:00 am |
| Final settlement conference | 03/23/2020  10:00 am |
| Trial | 03/24/2020   9:00 am |

The Defendants should notice forthwith the second deposition of Mr. Pumphrey in a manner required by the rules and in the best practicable way to achieve notice to him.[1] In the

---

[1] Based upon recent correspondence returned to the Court as reflected on the record, Mr. Pumphrey appears to have absconded from his halfway house. His whereabouts are unknown. At a minimum, the Defendants should transmit notice to Mr. Pumphrey's halfway house and make other reasonable and periodic efforts to ascertain whether and when he has been apprehended in order to best achieve actual notice to him.

4

event that Mr. Pumphrey identifies other witnesses at that time, the Court will expect any depositions of those witnesses to be taken within the aforementioned discovery period.

**III.**

Based upon the foregoing discussion, the Court **GRANTS** as molded the Defendants' Motion to Suspend the Answer Date and Dispositive Motions Deadline [Doc. 186].

ENTERED: November 21, 2019

Frank W. Volk
United States District Judge